<a>
<a>



FILED

JUN - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HARRY R. SCHREIBER<br>214 Hyman Dr<br>Aspen, CO 81611<br>Tel: 970-704-0417 | )<br>)<br>)<br>)<br>) | CIVIL ACTION NO. |
| Plaintiff Pro Se, | ) | CASE NUMBER 1:06CV01051 |
| v. | )<br>) | JUDGE: Ellen Segal Huvelle |
| J. CHRISTOPHER KOHN,<br>Director of the Financial<br>Litigation Unit of the Department of<br>Justice - Civil Division, John Does 1-10, | )<br>)<br>)<br>)<br>) | DECK TYPE: TRO/Preliminary Injunction<br>DATE STAMP: 06/6/2006 |
| Defendants. | ) | |

## ORIGINAL COMPLAINT FOR PRELIMINARY INJUNCTION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW the Plaintiff, HARRY R. SCHREIBER, Pro Se, and files this Original Complaint for Preliminary Injunction against J. CHRISTOPHER KOHN, Director of the Financial Litigation Unit of the Department of Justice – Civil Division, and John Does 1-10, collectively herein "Defendants", as follows:

### JURISDICTION

This Court has personal jurisdiction over the parties herein pursuant to 28 U.S.C. § 1332, and has subject matter jurisdiction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 702, et. seq..

### PARTIES

Plaintiff HARRY R. SCHREIBER is a resident of the State of Colorado.

1

Defendant J. CHRISTOPHER KOHN is the Director of the Financial Litigation Unit of the Department of Justice – Civil Division, with a principal office located at 1100 L Street, NW, Washington, D.C. 20005. Defendants John Does 1-10 are presently unidentified agents, assistants, deputies and/or employees of the Department of Justice serving under the direction of Defendant J. CHRISTOPHER KOHN, none of whom are residents of the State of Colorado to the best of Plaintiff's knowledge and information.

Venue is proper in this Court.

### NATURE OF COMPLAINT

1. Plaintiff was a named defendant in the case styled United States v. Schreiber, Case No. A-95-CR-130-JRN, Western District of Texas-Austin Division, and pursuant to a Judgment filed therein on July 20, 1999, Plaintiff was ordered to pay restitution in the sum of $354,253.11, said amount to be paid to the Clerk of the Court for transfer to and distribution by Randolph Osherow, Chapter 7 Trustee for Case No. 89-13314-FM, Bankruptcy Court for the Western District of Texas-Austin Division (hereinafter the "Bankruptcy Trustee") (copy of Restitution Order attached hereto as Exhibit 1). Plaintiff was furthered ordered to pay a criminal fine in the amount of $80,000.00, payable to the Clerk of the Court for the Western District of Texas-Austin Division (hereinafter "Clerk of the Court").

2. Subsequent to Plaintiff's release and commencement of his term of Supervised Release under the direction of the United States Probation Office for the District of Colorado, Plaintiff has been the subject of various collection efforts

by the Financial Litigation Unit of the U.S. Attorney's Office for the Western District of Texas (see Exhibit 2 attached hereto) (hereinafter all agents, assistants, deputies and/or employees of the Financial Litigation Unit shall be collectively referred to as the "FLU").

3. Plaintiff has submitted documentation to the FLU in support of his contention that all monetary sums set forth in the Restitution Order have previously been paid/credited to the authorized payees thereof, and that no further payments are allowable or otherwise collectible from Plaintiff under the terms of the Restitution Order and the laws of the United States (see Plaintiff's Memorandum of Law filed concurrently herein). Plaintiff has further submitted documentation to the FLU in support of his contention that the maximum criminal fine collectible under the laws and regulations in effect at the time of the offense herein is $15,000.00.

4. If the Defendants are allowed to continue their collection efforts, and do in fact collect all or any additional portion of the restitution balance set forth in the Restitution Order from Plaintiff, such collection would be in violation of the laws and regulations of the United States prohibiting the "double recovery" of restitution amounts (see 18 U.S.C. § 3664(j)(2), and would constitute an unconstitutional deprivation of property without due process of law.

5. Plaintiff has no adequate remedy at law to avoid the consequences and the attendant harm to Plaintiff arising from the Defendants' unauthorized collection efforts. In that previous monies paid to the Clerk of the Court have

been delivered to the designated Chapter 7 Trustee and subsequently returned to the Clerk as unclaimed/undeliverable, and thereafter paid by the Clerk to the U.S. Treasury, it is clear that any future monies collected by the FLU will simply be paid into the U.S. Treasury in direct violation of both the terms of the Restitution Order and the laws and regulations of the United States. Plaintiff has no adequate remedy at law to recover any such monies in the event the same were to be paid into the U.S. Treasury.

## RELEVANT FACTS

6. The original balance set forth in the Restitution Order was $354,253.11, said balance which was arrived at by the United States Probation Office by totaling the following amounts:

| Payee | Amount |
|---|---|
| NASSCO | $ 197,490.93 |
| Supplier A/P's | $ 110,000.00 |
| A/R's | $ 37,762.18 |
| Lease Payments | $ 9,000.00 |
| TOTAL: | $ 354,253.11 |

(see Pre-Sentence Report, p. 16, attached hereto as Exhibit 3). The additional sum of $210,158.98 identified in the Pre-Sentence Report as fees and expenses of the Bankruptcy Trustee was subsequently disallowed as a restitution amount by a decision of the Fifth Circuit Court of Appeals in U.S. v. Izydore, 167 F.3d 213, 222 (5th Cir.1999).

4

7. The above balance of $197,490.93 designated as restitution to NASSCO was paid/satisfied in full, as confirmed by the Bankruptcy Trustee in his Chapter 11 Trustee's Final Report and Account in Case No. 89-13314-FM:

> "12. At the request of Westminister, National Steel and Shipbuilding Company ("NASSCO") extended a secured post-confirmation advance to Marhil of $197,490.03. NASSCO had proposed an offset of their remaining advance ($166,001.20 at February 18, 1992) against the payables due Marhil of $52,793.91, resulting in a net secured claim against the estate of $107,934.29 . . .
> The Trustee and NASSCO representatives negotiated an Asset Purchase and Sale Agreement whereby NASSCO <u>released their secured claim of $107,934.29 and agreed to tender cash to the Trustee in the amount of $40,000.00</u> in exchange for the following assets . . .
> The Asset Purchase and Sale Agreement with NASSCO was executed on July 9, 1991, and the transaction completed shortly thereafter."

Trustee's Final Report and Account, ¶ 12 and 13 (copy attached as Exhibit 4).

8. The above balance of $110,000.00 designated as restitution to "Supplier A/P's" fails to identify one or more individuals or other entities to be compensated under this portion of the Restitution Order. All identified suppliers under the Chapter 7 bankruptcy proceeding have been paid, or have otherwise failed to accept tendered payments.

9. The above balance of $37,762.18 designated as restitution to "A/R's" fails to identify one or more individuals or other entities to be compensated under this portion of the Restitution Order.

10. The above balance of $9,000.00 designated as restitution to "Lease payments" was paid/satisfied in full, as confirmed by the sworn testimony of two bank officials/representatives in the course of the Schreiber criminal trial.

11. On or about February 14, 2006, the Bankruptcy Trustee filed a Report of Unclaimed Funds with the Bankruptcy Court, and remitted the sum of $17,080.40 to the Clerk of the Court (see Exhibit 5 attached). These funds had previously been delivered by the Clerk to the Bankruptcy Trustee for distribution under the Restitution Order, and represented monies received on behalf of the Plaintiff herein. Subsequent to the Clerk's receipt of these funds on or about February 14, 2006, this sum of $17,080.40 was then paid over to the U.S. Treasury, rather than being applied against the outstanding criminal fine balance owed by the Plaintiff.

## COUNT ONE

12. Plaintiff incorporates and re-alleges the facts as set forth in paragraphs 1-11 above.

13. Plaintiff would show this Court that there is no outstanding balance due or payable under the Restitution Order in A-95-CR-130-JRN, and that any collection of funds by the Defendants under the authority or jurisdiction of said Restitution Order would constitute a "double recovery" of restitution monies from Plaintiff herein.

14. Plaintiff has no adequate remedy at law to prevent the Defendants herein from collecting additional restitution payments from Plaintiff, and in the event any such additional payments are obtained by Defendants, Plaintiff has no adequate remedy at law to secure the return of any such payments in that the

Clerk of the Court has already paid monies returned by the Bankruptcy Trustee into the U.S. Treasury.

15. Defendants should be permanently enjoined from any further collection efforts against Plaintiff herein in connection with the Restitution Order entered in A-95-CR-130-JRN.

## COUNT TWO

16. Plaintiff incorporates and re-alleges the facts as set forth in paragraphs 1-15 above.

17. Plaintiff would show this Court that the maximum criminal fine allowable under the laws and regulations by which Plaintiff was convicted in A-95-CR-130-JRN was the sum of $15,000.00.

18. Plaintiff would show this Court that Defendants attempts to collect a criminal fine from Plaintiff in any amount in excess of $15,000.00 constitutes an illegal action under the laws and regulations of the United States.

19. Plaintiff would show this Court that although the Clerk of the Court received the sum of $17,080.40 from the Bankruptcy Trustee, said sum which represented restitution payments on behalf of Plaintiff that were subsequently unclaimed or otherwise unpaid, the Clerk of the Court failed to credit said sum of $17,080.40 against Plaintiff's balance due under his criminal fine, and instead paid said sum of $17,080.40 into the U.S. Treasury without crediting Plaintiff for same.

20. Plaintiff has no adequate remedy at law to prevent Defendants herein from attempting to collect additional funds from Plaintiff for his criminal fine in A-95-CR-130-JRN, and in the event any such additional payments are collected, Plaintiff has no adequate remedy at law to recover any such additional payments from Defendants.

21. Defendants should be permanently enjoined from any further collection efforts against Plaintiff herein in connection with the criminal fine assessed in A-95-CR-130-JRN.

### PRAYER FOR RELIEF

Plaintiff respectfully prays that upon final hearing, this Honorable Court enter an Order permanently enjoining Defendants from any further collection efforts in connection with the Restitution Order and the criminal fine assessed in Case No. A-95-CR-130-JRN for the Western District of Texas-Austin Division.

Respectfully submitted,

_____
HARRY R. SCHREIBER
Plaintiff Pro Se
214 Hyman Dr
Aspen, CO  81611
Tel:  970-704-0417

AO 245 S (Rev. 10/93)(W.D.TX. Rev. 2.0) Sheet 6 - Restitution and Forfeiture

Judgment--Page 6 of 7

Defendant: HARRY SCHREIBER
Case Number: A-95-CR-130(1)

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution as follows:

| Name of Payee | Amount of Restitution |
|---|---|
| RANDOLPH OSHEROW, CHAPTER 7 TRUSTEE<br>Bankruptcy Court, Western District of Texas, Austin Division<br>Re: Case No. 89-13314-FM<br>342 West Woodlawn #300<br>San Antonio, TX 78212 | $354,253.11 |

Restitution shall be made JOINTLY and SEVERALLY with co-defendant Mark Izydore/A-95-CR-130(2).

Payments of restitution shall be made to the Clerk, United States District Court, for transfer to the payee and no further payment shall be required after the sum of the amounts actually paid by both co-defendants has fully covered all of the compensable injuries.

Restitution shall be paid as directed by the United States Probation Office.

The restitution shall be paid immediately. If the defendant is now unable to pay this indebtedness, he shall cooperate fully with the office of the United States Attorney, the Bureau of Prisons and/or the United States Probation Office to make payment in full as soon as possible, including any period of incarceration. Any unpaid balance at the commencement of a term of supervised release may be paid on a schedule of monthly installments to be approved by the court and becomes a condition of supervision.

06 1051

FILED

JUN - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT 1**

2-11

Received Fax :        May 12 2006 12:42        Fax Station :   SALEASCO        p. 4
May 12 2006 11:38AM  HP LASERJET FAX                                            p.4
05/12/2006 12:58 FAX  2871730          TAX & BUSINESS                      @003/003
MAY-12-2006  12:52                                                              P.02

Case 1:06-cv-01051-ESH    Document 1    Filed 06/06/2006    Page 10 of 14



**U.S. Department of Justice**

United States Attorney
Western District of Texas

---

SUSAN B. BIGGS
Assistant United States Attorney
Civil Division, Financial Litigation Unit

601 NW Loop 410, Suite 600          Telephone (210) 384-7355
San Antonio, Texas 78216-5597       Facsimile  (210) 384-7247

May 12, 2006

**Via Facsimile Transmission: 772-287-1730**

Fred Nabutovsky, CPA
P. O. Box 3254
Stuart, FL 34995

Re:   *United States of America v. Harry Schreiber*
      Case No. A-95-CR-130(1)JRN
      USAO No. 9301169

Dear Mr. Nabutovsky:

This will confirm our telephone conversation yesterday and will also respond to your letter to Ms. Gillett of May 10, 2006, today's telephone message from you to me, and today's faxed letter from you to me. Your request on behalf of Mr. Schreiber is in essence a request to reduce the fine and restitution which he has been ordered to pay. The Financial Litigation Unit of the U. S. Attorney's Office has no authority to change what has been ordered by the court. Our responsibility is to collect the debt which was ordered to be paid. The U. S. District Clerk's Office has told you the same thing. You have stated that Mr. Schreiber is prepared to pay $500.00 per month on his debt. He should make that payment to the U. S. District Clerk, United States Courthouse, 200 W. 8th Street, Room 130, Austin, Texas 78701, not to some escrow account. It may be that Mr. Schreiber can pay more than that amount monthly or may be able to satisfy the judgment in full out of other assets. We do not agree to stay enforcement of the judgment while you seek a restitution hearing. Also, after further review of the file, I cannot agree to not oppose the motion.

I am unsure whether Mr. Schreiber's most viable avenue of relief, if any, is a restitution hearing, a motion to remit, or a motion to be filed in the bankruptcy proceeding. This must be determined by his attorney. I can only say that Mr. Schreiber's appeal, through you, to the Financial Litigation Unit must be denied because we have no authority to give him the relief he seeks.

Sincerely,

JOHNNY SUTTON
United States Attorney

By: _____
SUSAN B. BIGGS
Assistant United States Attorney

06 1051

**FILED**

JUN - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT 2**

TOTAL P.02

It is the government's position that the defendants owe $564,412.09. This is based on the $197,490.93 advance by NASSCO, the $110,000 worth of supplies which were procured, but not paid for, the $9,000 in lease payments not made, $37,762.18 in accounts receivable which were converted to cash, and the $210,158.98 due to fees and expenses by the Trustee.

The Chapter 11 Trustee's Final Report and Account differs from the Chapter 7 Trustee's Final Report Before Distributing. Based on the conflicting information, it appears that it is necessary to have a restitution hearing.

68. **Guideline Provisions:** In accordance with the provisions of U.S.S.G. § 5E1.1, restitution shall be ordered.

**PART E.    FACTORS THAT MAY WARRANT DEPARTURE**

69. Presentation of information in this section does not necessarily constitute a recommendation by the probation officer for a departure.

70. Under § 4A1.3, the Court may consider a higher criminal category if it is found that the defendant's criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes. The investigation has determined that there are other companies which have suffered financially as a result of false statements made by the defendant. Criminal referals were made in some cases. Other victims filed civil suits. Some of these civil suits resulted in judgments which may have been disposed of when the defendant filed bankruptcy. As a result of ongoing fraudulent behavior, the Court may consider under § 5K2, that there are grounds for departure which the Sentencing Commission did not consider when formulating the guidelines.

Respectfully submitted,

*Caroline B Clark*
CAROLINE B. CLARK
U.S. Probation Officer

Approved:

*[signature]*
KENNETH N. BEENE
Supervising U.S. Probation Officer

CBC:cmf

**EXHIBIT 3**

16

06 1051

**FILED**

JUN - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

deposits) have been collected. The remaining receivables and deposits are deemed uncollectible. All other assets were liquidated through three asset sales, as described below.

### NASSCO

12. At the request of Westminister, National Steel and Shipbuilding Company ("NASSCO") extended a secured post-confirmation advance to Marhil of $197,490.03. NASSCO had proposed an offset of their remaining advance ($166,001.20 at February 18, 1992) against the payables due Marhil of $52,793.91, resulting in a net secured claim against the estate of $107,934.29. As previously mentioned, NASSCO notified the Trustee on February 18, 1991 of their decision to suspend payment on their outstanding payables to the estate.

13. The Trustee and NASSCO representatives negotiated an Asset Purchase and Sale Agreement whereby NASSCO released their secured claim of $107,934.29 and agreed to tender cash to the Trustee in the amount of $40,000 in exchange for the following assets (recorded at book value):

| | |
|---|---|
| Work-in-process | $98,829.48 |
| Raw Materials | 17,779.74 |
| Raw Materials-other | 29,483.98 |
| Jigs and Fixtures | 12,750.00 |
| Total | $ 158,798.20 |

The Trustee believed that the consideration received in the NASSCO transaction far exceeded the value for which the items would have been liquidated in an auction and, thus, believed that the transaction was in the best interest of the creditors. On April 30, 1991, the Trustee filed a Motion to Approve the NASSCO Asset Purchase and Sale Agreement [191]. The First National Bank of La Grange objected to the sale alleging that it had a lien upon the assets. Thereafter, by agreed order approved by this Court on July 8, 1991, the sale was approved by the Court with the proceeds of the sale to be held in escrow pending a determination of the lien rights, if any, of the First National Bank of La Grange [197]. The Asset Purchase and Sale Agreement with NASSCO was executed on July 9, 1991, and the transaction completed shortly thereafter.

CHAPTER 11 TRUSTEE'S FINAL REPORT AND ACCOUNT
c:\pdn\marhil\fina.rep
EXHIBIT 4
Exhibit 1
PAGE 4

06 1051
FILED
JUN - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3-8

# 10675090

TX-10
(Rev'd 1/92)

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## Austin Division

In re: §
§
MARHIL MANUFACTURING, INC. § Case No. 89-13314-FRM
§
§
§
Debtor(s). §

FILED

FEB 14 2006

U.S. BANKRUPTCY COURT
BY _____ DEPUTY

### REPORT OF UNCLAIMED DIVIDENDS

More than ninety (90) days have passed since the final distribution, and the dividends payable to the creditors listed on Exhibit "A" hereto remain unclaimed. Pursuant to Bankruptcy 3010 or 3011, as applicable, and 11 U.S.C. 347(a), the undersigned trustee remits herewith his check in the total amount shown on said Exhibit "A" for deposit into the United States Treasury, pursuant to Chapter 129 of Title 28 (28 U.S.C. 2041, et seq).

Dated: February 13, 2006          /s/ RANDOLPH N. OSHEROW
                                  RANDOLPH N. OSHEROW, Trustee
                                  State Bar No. TX15335500
                                  342 West Woodlawn, Suite 300
                                  San Antonio, TX 78212
                                  (210) 738-3001

**EXHIBIT 5 (1 of 2 pages)**

06 1051

FILED

JUN - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

TX-10
(Rev'd 1/92)

## EXHIBIT "A"

Unclaimed Dividends

| Name and Address | Claim No. | Amount |
|---|---|---|
| Bettina M. Whyte<br>2715 Albans Rd.<br>Houston, TX 77005 | 2 | 664.31 |
| Ken E. Mackey, P.C.<br>919 Congress Ave., Suite 1100<br>Austin, TX 78701 | 1 | 6,129.35 |
| Sheinfeld, Maley & Kay, P.C.<br>1700 Pacific Ave.<br>Dallas, TX 75201 | 4 | 7,202.47 |
| Flame-Spray Industries, Inc.<br>152 Haven Avenue<br>Port Washington, NY 11050 | 9 | 1,047.17 |
| Sunbelt Metal Service, Inc.<br>South Loop 4<br>Buda, TX 78610 | 11 | 2,037.10 |
| Total | | 17,080.40 |

**EXHIBIT 5 (2 of 2 pages)**