UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRY R. SCHREIBER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-1051 (ESH) |
| J. CHRISTOPHER KOHN, Director, Commercial Litigation Branch, U.S. Department of Justice, *et al.*, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Proceeding *pro se*, plaintiff Harry R. Schreiber filed the present action against J. Christopher Kohn, Director of the Department of Justice's Commercial Litigation Branch,[1] and ten other "unidentified agents, assistants, deputies, and/or employees" of the Department. Compl. at 2. According to Schreiber, defendants are engaged in an unlawful attempt to collect funds in excess of the restitution amount ordered in a July 20, 1999 judgment of the United States District Court for the Western District of Texas. Plaintiff further contends that the criminal fine included in the same judgment exceeds that allowable by law, thus barring defendants from collecting the penalty. Because this district is not the appropriate venue for plaintiff's claims, the Court will transfer the case to the Western District of Texas.

---

[1] Plaintiff's complaint incorrectly names Mr. Kohn as "Director of the Financial Litigation Unit of the Department of Justice." Plaintiff has apparently confused the Department with the United States Attorney's Office for the Western District of Texas, which houses the Financial Litigation Unit responsible for the collection of the funds here at issue. *See* Compl. Ex. 2.

Section 1391(e) provides that:

> [a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action . . . .

28 U.S.C. § 1391(e). Under this standard, venue is not improper in the District of Columbia, as the sole named defendant maintains his official residence in Washington. *Id*. § 1391(e)(1); *see Nestor v. Hershey*, 425 F.2d 504, 521 n. 22 (D.C. Cir. 1969) ("'Where a public official is a party to an action in his official capacity he resides in the judicial district where he maintains his official residence, that is where he performs his official duties.'") (quoting 1 J. W. Moore, Federal Practice ¶ 0.142 [5.-2] (1964)).

The propriety of venue in the District of Columbia, however, does not resolve the matter, as "a district court may transfer any civil action to any other district or division where it might have been brought . . . [f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). There is no question that this case "might have been brought" in the Western District of Texas -- the source of the judgment at issue, the location of the United States Attorney's Office responsible for the contested collection efforts, and the location of the bankruptcy trustee to whom restitution payments were made. (Compl. Exs. 1 and 2.) *See* 28 U.S.C. § 1391(e)(2). It is as evident that that district is the appropriate forum for plaintiff's claims. While the District of Columbia has no connection whatsoever to the facts of this case, *see Kirby v. Mercury Savs. and Loan Assoc.*, 755 F.Supp. 445, 448 (D.D.C. 1990) (transferring *sua sponte* a case having "virtually nothing to do with th[e] jurisdiction"), the Western District of Texas has every connection to the action. Considerations

of convenience and justice, therefore, both militate in favor of transfer. Moreover, Plaintiff's challenge to the lawfulness of the judgment alone requires that the case be transferred to the Western District of Texas for resolution.

Accordingly, the Court hereby **ORDERS** that the Clerk is directed to transfer this case to the Western District of Texas, Austin Division.

                                                                              s/
                                          ELLEN SEGAL HUVELLE
                                          United States District Judge

Date: June 12, 2006